# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OSCAR MITCHELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19-cv-00430-SNLJ |
| | ) |
| SULLIVAN PLACE APARTMENTS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Oscar Mitchell[1] for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that the motion should be granted. Additionally, for the reasons discussed below, plaintiff will be directed to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

---

[1] As discussed below, this complaint is purportedly brought by two plaintiffs: Oscar Mitchell and Emma Carouthers. Following the name of plaintiff Carouthers is the abbreviation "Dec'd," which appears to mean "deceased." Plaintiff Mitchell is the only one to sign the complaint, the only one to sign the motion for leave to proceed in forma pauperis, and the only one to sign the motion to appoint counsel.

court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who has filed this civil action on behalf of himself and plaintiff Emma Carouthers, who is apparently deceased. Plaintiff is the only individual to sign any of the legal documents before the Court. The complaint names Sullivan Place Apartments and property

manager Michael Hutchison as defendants. Plaintiff claims that the case arises under the Fair Housing Act, found at 42 U.S.C. § 3601, *et seq.*, and the Civil Rights Act of 1964.

In his statement of claim, plaintiff states that he and plaintiff Carouthers were defendants' tenants. (Docket No. 1 at 5). He alleges that defendants "knew" that they were "member[s] of a protected class" but "imposed unfavorable or less favorable terms or conditions on returning" their deposit. Plaintiff further claims that such terms or conditions were not imposed on "similarly situated former tenants." This allegedly began in February 2016 and ended in October 2016.

Plaintiff seeks monetary damages in the amount of $500, which is the amount of his security deposit. (Docket No. 1 at 5-6).

## Discussion

Plaintiff brings this civil action against defendants Sullivan Place Apartments and property manager Michael Hutchison, alleging he was given "unfavorable or less favorable terms or conditions" with regard to the return of his deposit. For the reasons discussed below, the complaint fails to state a claim. Furthermore, plaintiff has not demonstrated that he is the real party in interest to bring a claim on behalf of plaintiff Carouthers.

### A. Failure to State a Claim

"The Fair Housing Act prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). *See also Khan v. City of Minneapolis*, 2019 WL 1907212, at *1 (8th Cir. 2019) (stating that the FHA is "a federal law that generally prohibits making unavailable or denying a dwelling because of a person's race, color, religion, sex, familial status, or national origin"). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *See Neudecker v. Boisclair Corp.*, 351

3

F.3d 361, 363 (8th Cir. 2003). However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997).

Here, plaintiff alleges that he is a member of a protected class, but does not describe the nature of that class. He also states that defendants imposed upon him "unfavorable or less favorable terms or conditions" on the return of his deposit, but does not provide any indication as to what those terms were, or how they were unfavorable. He claims he was treated differently than similarly-situated former tenants, but provides no support for this conclusion. In short, plaintiff has done nothing more than state the elements of a cause of action using conclusory language. This is not sufficient to adequately state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

**B. Real Party in Interest**

Under the Federal Rules of Civil Procedure, Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). *See also Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012). The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its

proper effect as res judicata." *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Here, plaintiff purports to bring this action on his own behalf, and on the behalf of Emma Carouthers. Plaintiff Carouthers is apparently deceased. There is no indication, however, that plaintiff is the proper party to bring a claim on behalf of her estate. Thus, the claim on her behalf is subject to dismissal. If plaintiff Carouthers is not deceased, then she has to sign the complaint and file her own motion for leave to proceed in forma pauperis, because plaintiff, as a pro se litigant, cannot represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

**C. Order to Amend**

Because plaintiff is proceeding pro se, the Court will allow him to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should

clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Further, plaintiff's allegations must be enough to raise his right to relief above the level of speculation. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

With regard to plaintiff Carouthers, plaintiff cannot simply bring a claim on her behalf. Instead, if she is indeed deceased, he must demonstrate that he is the real party in interest to bring her claim. If plaintiff Carouthers is not deceased, she is required to sign the amended complaint and file her own motion for leave to proceed in forma pauperis.

6

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's non-prisoner civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended complaint on the Court-provided form, according to the instructions provided above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that when the amended complaint is received, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 18th day of July, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE