UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSCAR MITCHELL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 4:19-cv-00430-SNLJ |
| SULLIVAN PLACE APARTMENTS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Oscar Mitchell's amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, this action will be dismissed without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant. On March 11, 2019, he filed a civil action naming the Sullivan Place Apartments and property manager Michael Hutchison as defendants. (Docket No. 1). He also filed a motion for leave to proceed in forma pauperis, which was granted. (Docket No. 2; Docket No. 4).

In the complaint, plaintiff purported to be acting on behalf of himself, as well as Emma Carouthers, who was apparently deceased. Plaintiff was the only individual to sign any of the legal documents before the Court. He claimed that his case arose under the Fair Housing Act, found at 42 U.S.C. § 3601, *et seq.*, and the Civil Rights Act of 1964.

2

Plaintiff's "Statement of Claim" alleged that he and Carouthers were defendants' tenants. (Docket No. 1 at 5). He asserted that defendants "knew" they were "member[s] of a protected class" but "imposed unfavorable or less favorable terms or conditions on returning" their deposit. Plaintiff further claimed that such terms or conditions were not imposed on "similarly situated former tenants." This allegedly began in February 2016 and ended in October 2016. Plaintiff sought monetary damages in the amount of $500, which was the amount of his security deposit. (Docket No. 1 at 5-6).

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. (Docket No. 4). In so doing, the Court noted that plaintiff had failed to state a claim under the Fair Housing Act, because he had not demonstrated that he was a member of a protected class, or that he was treated differently than similarly-situated tenants. The Court further explained that plaintiff had not shown that he was the real party in interest to bring a claim on behalf of Carouthers.

Because plaintiff was a self-represented litigant, the Court gave him an opportunity to file an amended complaint. To aid his compliance, the Court provided instructions for him to follow. These instructions included an advisement that plaintiff's "Statement of Claim" needed to present facts, rather than labels and conclusions. The Court also advised plaintiff that if he was bringing a claim on behalf of Carouthers, he needed to demonstrate that he was the real party in interest to bring her claim.

Plaintiff was given thirty days in which to submit an amended complaint. He was told that the failure to comply would result in the dismissal of his case without prejudice and without further notice. Plaintiff was also advised that upon receipt of the amended complaint, it would be reviewed by the Court. He filed an amended complaint on August 16, 2019. (Docket No. 5).

3

## The Amended Complaint

Plaintiff's amended complaint again names the Sullivan Place Apartments and property manager Michael Hutchison as defendants. Now, however, Emma Carouthers is no longer listed as a plaintiff. (Docket No. 5 at 2). Plaintiff states that this Court has jurisdiction over this matter on the basis of a federal question. (Docket No. 5 at 3). In support, he asserts that his cause of action arises under the Fair Housing Act; Title VI of the Civil Rights Act of 1964; Section 109 of the Housing Community Development Act; Section 504 of the Rehabilitation Act; Title II of the Americans with Disabilities Act; the Architectural Barriers Act of 1968; and the Age Discrimination Act of 1975. Plaintiff's "Statement of Claim" provides, in its entirety:

> My disabled sister who is now deceased was on the lease with me, the bathroom in our apartment was not handicapped accessible and she couldn't use the tub[.] When I complained to management[,] specifically defendant Hutchison[,] after my sister fell in the bathroom and suffered serious injuries, he then began systematic harassment[.] This occurred approximately in June of 2015. Shortly thereafter[,] they began to refuse our rent payments which resulted in termination of our lease. We were never given written notice of the termination and [were] promptly evicted in a court proceeding. Defendant Hutchison[,] specifically, failed to make adequate accommodation for my elderly disabled sister so she could have quiet enjoyment of the premise[s]. We were systematically discriminated [against] because of our age and disability by defendant Hutchison. Defendant Hutchison sent a statement that we had paid rent from January 1, 2015 until December 31, 2015 when we only move in in June of 2015, thereby creating fraudulent records for the St. Louis Housing Authority[,] which subsidized our rent.

(Docket No. 5 at 5). Plaintiff further states that his sister was "hospitalized due to her fall," and that her "subsequent injuries contributed to her early demise." (Docket No. 5 at 6). He is seeking $75,000 in actual and punitive damages. (Docket No. 5 at 5).

## Discussion

Plaintiff brings this civil action against defendants Sullivan Place Apartments and Michael Hutchison, alleging violations under the Fair Housing Act; Title VI of the Civil Rights Act of 1964; Section 109 of the Housing Community Development Act; Section 504 of the Rehabilitation Act; Title II of the Americans with Disabilities Act; the Architectural Barriers Act of 1968; and the Age Discrimination Act of 1975. For the reasons discussed below, this action must be dismissed.

**A. Real Party in Interest**

Under the Federal Rules of Civil Procedure, Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). *See also Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012). The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Here, the bulk of plaintiff's "Statement of Claim" is with regard to his sister, who he alleges was disabled, and who fell in the bathroom. The sister is now deceased. However, plaintiff has not demonstrated that he is the proper party to bring a claim on behalf of her estate, despite being specifically advised of the necessity for doing so in the Court's order to amend. Indeed, he does

5

not even identify his sister, though an attachment to the complaint names Erma Carouthers as a tenant of Sullivan Place Apartments. As plaintiff has not shown that he is the real party in interest, despite being given the opportunity, this action must be dismissed.

### B. Failure to State a Claim under the Fair Housing Act

Even if plaintiff were the real party in interest, he has still failed to state a claim under the Fair Housing Act. "The Fair Housing Act (FHA) prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). *See also Khan v. City of Minneapolis*, 922 F.3d 872, 873 (8th Cir. 2019) (stating that the FHA is "a federal law that generally prohibits making unavailable or denying a dwelling because of a person's race, color, religion, sex, familial status, or national origin"). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *See Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003). However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997).

Here, plaintiff has not alleged that defendants discriminated against him or his sister "on the basis of race, color, religion, sex, familial status, or national origin." Indeed, plaintiff has not even indicated the category upon which he was discriminated, much less provided any detail as to how he was blocked or impeded from housing on this basis. His vague assertions of "systematic harassment" and systematic discrimination are nothing more than legal conclusions, without any of the necessary factual enhancement to lift his claim beyond the speculative level. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that "[a] pleading must offer more than labels

6

and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Therefore, plaintiff has failed to state a claim under the FHA.

### C. Failure to State a Claim Under Title VI of the 1964 Civil Rights Act

Plaintiff has also failed to state a claim under Title VI of the Civil Rights Act of 1964. Title VI "prohibits racial discrimination under any program or activity receiving Federal financial assistance." *FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 622 (8th Cir. 2019). *See also* 42 U.S.C. § 2000d. Though Title VI does not mention a private right of action, decisions by the United States Supreme Court have recognized an implied right of action for individuals to seek injunctive relief and damages. *Freeman v. Fahey*, 374 F.3d 663, 666 (8th Cir. 2004). However, Title VI only prohibits intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). *See also Fuller v. Rayburn*, 161 F.3d 516, 518 (8th Cir. 1998) (concluding that "Title VI generally permits recovery of damages for intentional discrimination").

Here, plaintiff has not adequately alleged that defendants discriminated against him. His allegations consist of the statements that plaintiff and his sister were subjected to "systematic harassment" and were "systematically discriminated" against. These are legal conclusions, entirely unsupported by any factual allegations. As such, they are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Moreover, for Title VI to apply, there must be a showing that defendants received federal financial assistance. *See FCS Advisors, LLC*, 929 F.3d at 622 (stating that Title VI "prohibits racial discrimination under any program or activity receiving Federal financial assistance"). Plaintiff has

made no such showing. Therefore, he has not stated a claim under Title Vi of the 1964 Civil Rights Act.

### D. Failure to State a Claim Under the Housing Community Development Act

Next, plaintiff asserts that defendants have violated Section 109 of the Housing Community Development Act (HCDA). This is an apparent reference to 42 U.S.C. § 5309, which provides that "[n]o person in the United States shall on the ground of race, color, national origin, religion, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity funded in whole or in part with funds made available under this chapter." The purpose of the HCDA is to support "the development of viable urban communities" by providing federal assistance. 42 U.S.C. § 5301(c). However, the anti-discrimination provisions in 42 U.S.C. § 5309 do not create a private right of action. *Freeman*, 374 F.3d at 665-66. Therefore, plaintiff has not stated a claim under the HCDA.

### E. Failure to State a Claim Under the Rehabilitation Act

Plaintiff further claims that this action arises under the Rehabilitation Act. Congress enacted the Rehabilitation Act of 1973 (RA) as a comprehensive federal program, similar to the Americans with Disabilities Act, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). The RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006).

8

To establish a prima facie case under the RA, a plaintiff is required to show three things: (1) that he or she is a qualified individual with a disability; (2) that he or she was denied the benefits of a program or activity of a public entity that receives federal funds; and (3) that he or she was discriminated against based on his or her disability. *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1004 (8th Cir. 2018). "A qualified individual with a disability is broadly defined as any person who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998). While disability is broadly defined, the RA "imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1029 n. 5 (8th Cir. 1999) (emphasis in original).

Here, plaintiff has not properly alleged that either he or his sister were a qualified individual with a disability. That is, while he states his sister was "disabled," he does not provide the nature of her disability; meanwhile, he claims no disability himself. Furthermore, he has not shown that he was subject to discrimination. While his "Statement of Claim" broadly alleges discrimination, as well as a failure to accommodate, there are no supporting facts to demonstrate what defendants actually did or did not do. Instead, plaintiff relies on labels and conclusions, which is inadequate to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). Certainly, plaintiff has not established that any alleged disability was the "sole impetus" for defendants' actions, whatever those actions might be. Finally, plaintiff has not alleged facts showing that he or his sister were "denied the benefits of a program or activity of a public entity that receives federal funds." Therefore, for these reasons, plaintiff has not stated a claim under the RA.

## F. Failure to State a Claim Under Title II of the Americans with Disabilities Act

Plaintiff also contends that this action arises under Title II of the Americans with Disabilities Act (ADA). Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Power v. Univ. of North Dakota Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020) (quoting 42 U.S.C. § 12132). *See also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Sch.*, 863 F.3d 966, 972 (8th Cir. 2017) (stating that Title II of the Americans With Disabilities Act prohibits public entities from discrimination based on disability in services, programs, or activities). Pursuant to statute, "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation." 42 U.S.C. § 12131. To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).

Here, as discussed above, plaintiff's vague and conclusory "Statement of Claim" does not establish that he or his sister had a disability as defined by statute. Rather, plaintiff simply states that his sister was "disabled," and leaves it at that. He has also presented no facts showing that he was excluded from a benefit due to disability discrimination. Again, plaintiff concludes that defendants discriminated against him, without providing any facts to demonstrate what that means. Finally, plaintiff has not demonstrated that defendants qualify as a "public entity." Therefore, plaintiff has failed to state a claim under Title II of the ADA.

### G. Failure to State a Claim Under the Architectural Barriers Act

Plaintiff further states that this cause of action arises in part under the Architectural Barriers Act. "The Architectural Barriers Act (ABA), 29 U.S.C. § 701 *et seq.*, was enacted to insure whenever possible that physically handicapped persons will have ready access to, and use of, public buildings." *Wood v. Smith*, 2018 WL 1613799, at *2 (E.D. Ark. 2018). However, the ABA does not provide for a private cause of action. *Jackson v. Federal Bureau of Prisons*, 2007 WL 843839, at *20 (D. Minn. 2007). Therefore, plaintiff has failed to state a claim under the ABA.

### H. Failure to State a Claim Under the Age Discrimination Act of 1975

Finally, plaintiff claims that this action arises under the Age Discrimination Act of 1975. The Age Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. As a prerequisite to suit, however, the plaintiff must provide notice at least thirty days "prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1). The notice must "state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded." 42 U.S.C. § 6104(e)(2). An action under the Age Discrimination Act cannot be brought unless administrative remedies have been exhausted. *Id.*

Here, plaintiff broadly alleges that he and his sister were "systematically discriminated" against on the basis of age. However, plaintiff provides no factual support for this conclusion. That is, he does not explain the manner of discrimination, much less show that this discrimination was the result of his age. Indeed, plaintiff has not even provided his age, leaving the Court to speculate

11

as to this allegation. This is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Furthermore, plaintiff provides no indication that he has exhausted his administrative remedies, which is a prerequisite to bringing an Age Discrimination Act claim. Therefore, plaintiff has failed to state a claim under the Age Discrimination Act.

### I. Preservice Dismissal

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss a complaint filed in forma pauperis any time it determines that the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2). As explained above, plaintiff appears to be asserting a claim on behalf of his deceased sister, without establishing that he is the real party in interest to bring this action. Furthermore, plaintiff's "Statement of Claim" does not allege sufficient facts to support a claim under the Fair Housing Act, Title VI of the Civil Rights Act of 1964, the Housing Community Development Act, the Rehabilitation Act, Title II of the Americans with Disabilities Act, the Architectural Barriers Act of 1968, or the Age Discrimination Act of 1975. Therefore, this action must be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of May, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE